UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA


VENISHA PUGH,

      Plaintiff,

vs.                                                            CASE NO.:

CARMINE MARCENO, in his
Official capacity as SHERIFF
OF LEE COUNTY,

      Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VENISHA PUGH ("PUGH"), sues Defendant, CARMINE MARCENO, in his official capacity as SHERIFF OF LEE COUNTY, ("LCSO"), and in support thereof states:

### JURISDICTION AND PARTIES

1. This action seeks damages for violations of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq and the Uniformed Services Employment and Re-employment Rights Act of 1994, 38 USC §§4301 et seq ("USERRA").

2. This claim arose in Lee County and thus venue is appropriate in this Court.

3. Plaintiff, VENISHA PUGH, is a Black, African-American female and is employed by the Defendant, LCSO, as a sworn law enforcement officer.

1

4.      Defendant, LCSO, is a political subdivision of the State of Florida, and within the jurisdiction of this Court and an employer within the meaning of USERRA under 38 USC § 4303(4)(A)(iii).

5.      Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory damages are sought pursuant to 42 U.S.C. 2000e-5.  Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-5(k).

6.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

7.      Plaintiff has exhausted any and all available administrative remedies or doing so would be futile.  Plaintiff previously filed an Amended Charge of Discrimination with the Equal Employment Opportunity Commission.  Plaintiff's Dismissal and Notice of Rights were issued on February 2, 2026, a copy of which is attached hereto as Exhibit "A".

8.      Plaintiff is a Black, African-American, Jamaican female and has been  employed by the Respondent as a Deputy Sheriff since February 2023.

9.      Plaintiff is the only Black, African-American, Jamaican female employed by Respondent and assigned to the uniform patrol division.

10.      During Plaintiff's employment, she has been subjected to discrimination, disparate treatment, and a hostile work environment based on her race, color, sex and national origin.

11.      In June and August of 2023, Plaintiff complained about and objected to discrimination and harassment based on her protected classes based on actions taken by Deputy Stephen Kirby.

2

12.    As a result of Plaintiff's complaints, she was subjected to isolation and disparate treatment by my co-workers.

13.    In addition, in January 2024 Plaintiff was placed on administrative leave based on false allegations and received a punitive assignment to the Property Room.  As a result of this investigation, Plaintiff received a two (2) day suspension, was placed on probation for six (6) months and was subjected to retaining.

14.    In January 2024, Plaintiff had certain paperwork scrutinized, rejected, and criticized, while other similarly situated Deputy Sheriffs were not treated in this manner.

15.    On or about February 1, 2024, Plaintiff was denied a transfer while other similarly situated officers who are not of her same protected classes have had the transfers granted.

16.    In November 2024, Plaintiff received a citizen complaint and then was placed on administrative leave as a result of an inspection wherein her shotgun was not loaded.

17.    Other deputies who are not of Plaintiff's race, color, sex or national origin, have not been treated the same.

18.    As a result of the citizen complaint, Plaintiff received a 2 day suspension and 6 month probation while other Deputy Sheriffs who are not of her protected classes, in similar circumstances, have not been disciplined.

19.    In December 2024, Plaintiff received a third suspension relating to a firearm despite the fact that other similarly situated deputies who are not of her protected classes committed the same infraction and were not subjected to any disciplinary action.

3

20.     In early 2025, Plaintiff was threatened with termination after she requested to utilize her leave to attend an appointment with a military recruiter regarding processing her application to serve with the Uniformed Services.

### COUNT I - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
Sex Discrimination

21.     Plaintiff repeats and realleges paragraphs 1 through 20 as if stated fully herein.

22.     During her employment as set forth above, Plaintiff was subjected to discrimination, disparate treatment and a hostile work environment based on her sex.

23.     Plaintiff has been treated less favorably than similar situated deputies who are not of her sex.

24.     The other deputies who are similarly situated in all respects and who are not female include Anthony Michalopoulos, Zachary Wilson, and Ryan Fraser.

25.     As a result, Plaintiff has been subjected to discrimination on the basis of her sex in violation of Title VII.

26.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

b.    enjoining and permanently restraining these violations of Title VII;

c.    directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.    compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.    awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

f.    trial by jury; and

g.    such other relief as the court deems proper.

### <u>COUNT II - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964</u>
Race Discrimination

29.    Plaintiff repeats and realleges paragraphs 1 through 20 as if stated fully herein.

30.    During her employment as set forth above, Plaintiff has been subjected to discrimination, disparate treatment, and a hostile work environment based on my race.

31.    Plaintiff has been treated less favorably than similar situated deputies who are not of her race.

5

32.    The other deputies who ae similarly situated in all respects and who are not African-American include Anthony Michalopoulos, Zachary Wilson and Ryan Fraser.

33.    As a result, Plaintiff has been subjected to discrimination on the basis of her race in violation of Title VII.

34.    As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

b.    enjoining and permanently restraining these violations of Title VII;

c.    directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.    compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.    awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

6

f.    trial by jury; and

g.    such other relief as the court deems proper.

### COUNT III - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
Color Discrimination

35.    Plaintiff repeats and realleges paragraphs 1 through 20 as if stated fully herein.

36.    During her employment as set forth above, Plaintiff has been subjected to discrimination, disparate treatment and a hostile work environment based on her color.

37.    Plaintiff has treated less favorably than similar situated deputies who are not of her color.

38.    The other deputies who are similarly situated in all respects and who are not Black include Anthony Michalopoulos, Zachary Wilson, and Ryan Fraser.

39.    As a result, Plaintiff has been subjected to discrimination on the basis of her color in violation of Title VII.

40.    As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

b.    enjoining and permanently restraining these violations of Title VII;

c.      directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.      compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.      awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

f.      trial by jury; and

g.      such other relief as the court deems proper.

### COUNT IV - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
National Origin Discrimination

41.     Plaintiff repeats and realleges paragraphs 1 through 20 as if stated fully herein.

42.     During her employment as set forth above, Plaintiff has been subjected to discrimination, disparate treatment and a hostile work environment based on her national origin.

43.     Plaintiff has been treated less favorably than similar situated deputies who are not of her national origin.

44.     The other deputies who are similarly situated in all respects and who are not Jamaican include Anthony Michalopoulos, Zachary Wilson, and Ryan Fraser.

45.     As a result, Plaintiff has been subjected to discrimination on the basis of her color in violation of Title VII.

46.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate

8

result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

b.    enjoining and permanently restraining these violations of Title VII;

c.    directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.    compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.    awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

f.    trial by jury; and

g.    such other relief as the court deems proper.

### COUNT V - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
Retaliation

47.    Plaintiff repeats and realleges paragraphs 1 through 20 as if stated fully herein.

48.    Subsequent to Plaintiff's complaints of discrimination, she was subjected to retaliation as set forth above.

9

49.    In addition, after she filed her initial charge of discrimination with the EEOC, she was in March 2025, Plaintiff was been subjected to further discrimination and retaliation.

50.    Specifically, Plaintiff has been denied time off when requested and, further, Plaintiff was subjected to a punitive transfer to a less desirable position at the courthouse.

51.    Since completing her initial training at the courthouse, Plaintiff was repeatedly and exclusively assigned to the Annex Building (Building 2, 2000 Main Street), rather than the main courthouse (Building 3, 1700 Monroe Street).

52.    For deputies assigned to the courthouse, roll call is conducted each morning after which deputies are typically rotated among various courtrooms and assignments. However, Plaintiff was singled out and placed in the Annex building (an isolated and punitive assignment) every day without exception.

53.    As a result, Plaintiff has been subjected to retaliation based on having engaged in protected activity in violation of Title VII.

54.    As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a.    a declaration that the acts and practices complained of herein are in violation of Title VII;

b.      enjoining and permanently restraining these violations of Title VII;

c.      directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.      compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.      awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

f.      trial by jury; and

g.      such other relief as the court deems proper.

## COUNT VI: VIOLATION OF USERRA

55.     Plaintiff repeats and realleges paragraphs 1 through 20 as if stated fully herein.

56.      In early 2025, requested to utilize her leave to attend an appointment with a military recruiter regarding processing her application to serve with the Uniformed Services. As a result, she was threatened with termination and subjected to retaliation.

57.      As a result, Plaintiff's rights under USERRA have been violated. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a.      a declaration that the acts and practices complained of herein are in violation of USERRA;

b.      enjoining and permanently restraining these violations of USERRA;

c.      directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.      compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.      awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by USERRA;

f.      trial by jury; and

g.      such other relief as the court deems proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, PUGH, submits this demand for jury trial for all issues triable of

right by a jury pursuant to Rule 38, Fed. R. Civ. P.

Respectfully submitted,


By:     s/Teri Guttman Valdes
Teri Guttman Valdes, Esq.
Florida Bar No. 0010741
Email: tgvaldes@aol.com
TERI GUTTMAN VALDES LLC
1533 Sunset Drive, Suite 225
Coral Gables, FL 33143
Telephone: (305) 740-9600
*Counsel for Plaintiff*

13